UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JESSIE E. JONES,

               Plaintiff,                     Case No. 2:12-cv-33

v.                                            Honorable R. Allan Edgar

BIENVENIDO CANLAN, et al.,

               Defendants.

_____/

## OPINION

       This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Caruso, McGinnis, Martin, Bolden, Renco, Stub, Norwood, Unknown Chemical or Pharmaceutical Company, and Unknown Administrator of the St. Louis Water and Sewage Department. The Court will serve the complaint against Defendants Canlas, Comfort, Engelsgjerd, Miles, Grant, Wronski, and Tammelin.

**Discussion**

I.      Factual allegations

Plaintiff Jesse E. Jones, an inmate at the Baraga Maximum Correctional Facility (AMF), filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Physician Bienvenido Canlas, Physician's Assistant Margaret Comfort, Physician Michael Engelsgjerd, Physician Richard Miles, Former MDOC Director Patricia Caruso, Nurse Michael Grant, Former Deputy Director Kenneth McGinnis, Former Director Bill Martin, Former Director Dan Bolden, Warden Paul Renco, Former Director Dennis Stub, Deputy Warden Unknown Norwood, Nurse Unknown Wronski, Unknown Chemical or Pharmaceutical Company, Unknown Administrator of St. Louis Water and Sewage Department, and Nurse Crystal Tammelin.

In Plaintiff's complaint, he alleges that while he was confined at the St. Louis Correctional Facility (SLF), he began to suffer from bloody stools, vomiting of blood, acid reflux, pain in his rectum, stomach and chest, fluctuating blood pressure, unexplained weight loss, and problems with his thyroid and vision. On January 30, 2009, Plaintiff received a letter from a fellow prisoner which stated that the Michigan Department of Water Quality had discovered a by-product of DDT in the St. Louis drinking water supply. On February 9, 2009, Plaintiff was seen by Defendant Engelsgjerd, who ordered that Plaintiff be tested for H. Pylori. On February 11, 2009, Plaintiff tested positive for H. Pylori. However, Defendant Engelsgjerd told Plaintiff that he did not have H. Pylori.

Approximately two months later, while Plaintiff was seen by Dr. Curi, who told Plaintiff that he had tested positive for H. Pylori on February 9, 2009. Plaintiff asserts that the delay in treatment resulted in Plaintiff contracting ulcerative colitis. On August 7, 2009, Plaintiff began

bleeding from his rectum and suffering from pain in his rectum, stomach and chest, numbness, vomiting of blood and fluctuating blood pressure.  Plaintiff states that Defendant Grant refused to provide Plaintiff with treatment.  Finally, after sixteen hours, another nurse saw Plaintiff and ordered that he be taken to Marquette General Hospital (MGH) and admitted to the Coronary Care Unit (CCU).  Plaintiff claims that he continues to experience severe symptoms, including bloody vomit and defecation, and that Defendant Miles refused to provide Plaintiff with the medicine ordered by doctors at MGH for a period of fourteen days.  Plaintiff states that Defendant Wronski refused to give Plaintiff his medication on October 10, 11, and 15, 2009, and that Defendant Tammelin denied Plaintiff medicine on October 14, 2009.

Plaintiff claims that Defendant Unknown Administrator of St. Louis Water and Sewage Department is responsible for providing safe water to residents of St. Louis and knowingly disregarded the danger to Plaintiff and other residents.  Plaintiff states that Defendant Unknown Chemical Company is legally responsible for the poison in the water.  Plaintiff asserts that his H. Pylori is a direct result of the contaminated water.  Plaintiff seeks damages.

II.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough

-3-

facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Initially, the court notes that Plaintiff's claims against Defendants Caruso, McGinnis, Martin, Bolden, Renco, Stub, and Norwood are properly dismissed for lack of personal involement. Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere

allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D.

Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

      Plaintiff has not alleged facts establishing that Defendants Caruso, McGinnis, Martin, Bolden, Renco, Stub, and Norwood were personally involved in the activity which forms the basis of his claim. The only roles that Defendants Caruso, McGinnis, Martin, Bolden, Renco, Stub, and Norwood had in this action involve the denial of administrative grievances or the failure to act. Defendants Caruso, McGinnis, Martin, Bolden, Renco, Stub, and Norwood cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendants Caruso, McGinnis, Martin, Bolden, Renco, Stub, and Norwood are properly dismissed for lack of personal involvement.

      In addition, Plaintiff's claims that Defendants Unknown Chemical or Pharmaceutical Company and Unknown Administrator of the St. Louis Water and Sewage Department are responsible for him contracting H. Pylori are completely conclusory and unsupported by any factual allegations. According to the Mayo Clinic's online patient information source:

> H. pylori bacteria can be passed from person to person through direct contact with saliva, vomit or fecal matter. H. pylori can also be spread through contaminated food or water. The infection is usually acquired during childhood.

(*See* http://www.mayoclinic.com/health/h-pylori/ds00958/dsection=causes.) There is no indication that Plaintiff's illness was caused by a chemical contamination of the water. Therefore, Defendants

Unknown Chemical or Pharmaceutical Company and Unknown Administrator of the St. Louis Water and Sewage Department are properly dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Caruso, McGinnis, Martin, Bolden, Renco, Stub, Norwood, Unknown Chemical or Pharmaceutical Company, and Unknown Administrator of the St. Louis Water and Sewage Department will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendants Canlas, Comfort, Engelsgjerd, Miles, Grant, Wronski, and Tammelin.

An Order consistent with this Opinion will be entered.

Dated:          7/9/2012                              /s/ R. Allan Edgar
                                               R. Allan Edgar
                                               United States District Judge