UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JESSIE E. JONES,

        Plaintiff,         Case No. 2:12-cv-33

v.         Honorable R. Allan Edgar

BIENVENIDO CANLAS,

        Defendants.
_____/

**OPINION REVOKING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

Plaintiff Jessie E. Jones, a prisoner incarcerated at Baraga Maximum Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff was granted pauper status on March 23, 2012. On July 9, 2012, the court dismissed Plaintiff's claims against Defendants Caruso, McGinnis, Martin, Bolden, Renco, Stub, Norwood, Unknown Chemical or Pharmaceutical Company, and Unknown Administrator of the St. Louis Water and Sewage Department. The court ordered service of Plaintiff's complaint on Defendants Canlas, Comfort, Engelsgjerd, Miles, Grant, Wronski, and Tammelin. Defendants have now filed a motion to revoke Plaintiff's *in forma pauperis* status (docket #14).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA

was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d

596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Defendants have filed a motion to revoke Plaintiff's *in forma pauperis* status asserting that he has three strikes and that he is not in imminent danger of serious physical injury (docket #14). As noted by Defendants, Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds of frivolous, malicious and or for failure to state a claim. *See*; *Jones v. Baker*, No. 2:06-cv-279 (W.D. Mich. Feb. 13, 2007); *Jones v. Ollis, et al.*, No. 2:08-cv-155 (W.D. Mich. Oct. 16, 2008); *Jones v. Bonevelle*, No. 2:08-cv-233 (W.D. Mich. Oct. 21, 2008); *Jones v. Yoak, et al.*, No. 2:08-cv-255 (W.D. Mich. Dec. 5, 2008).

Plaintiff contends that although he has three strikes, his complaint shows that he is in imminent danger of serious physical injury (docket #19). In his complaint, Plaintiff alleges that while he was housed at the St. Louis Correctional Facility, he drank contaminated water and this caused him severe health problems. Plaintiff asserts that he continues to suffer from pain in his rectum, stomach and chest, vomiting blood, bloody stools, fluctuating high blood pressure, skin discoloration, unexplained weight loss, acid reflux, severe heartburn, and thyroid and vision problems. Plaintiff further alleges that he was informed by a doctor that he had tested positive for H. Pylori, but had not been treated and that Defendant Engelsgjard lied about the test results. Plaintiff states that the failure to treat his H. Pylori resulted in him developing ulcerative colitis. Plaintiff contends that Defendants continue to refuse his requests for treatment and that his

symptoms persist as stated above.  Where, as here, a prisoner has disputed the adequacy of medical treatment for a number of years but fails to allege any serious injury other than in a conclusory fashion, he has failed sufficiently to allege imminent danger.  *Simpson v. Prison Health Services, Inc.*, 2009 WL 4950487, 2 (W.D. Mich. 2009) (*citing Sweatt v. Tenn. Dep't of Corr.,* No. 00–5874, 2001 WL 128357, at *1 (6th Cir. Feb.6, 2001)).

In conclusion, section 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action.  The court will vacate the order granting *in forma pauperis* status and require Plaintiff to pay the entire civil action filing fee, which is $350, within 28 days of the date of entry of this order.  If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the entire filing fee.  *See In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).


Dated:           10/11/2012                         /s/ R. Allan Edgar
                                                    R. Allan Edgar
                                                    United States District Judge


**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**